James A. Roe, Jr., J.
Motion by the defendant to dismiss the complaint pursuant to subdivision 5 of rule 107 of the Buies of Civil Practice.
The cause of action is for work, labor and services allegedly furnished the defendant during the period between December 31, 1952, and June 30, 1953. It is conceded that the applicable Statute of Limitations is six years and that the instant action was not commenced until July 26,1962. The plaintiffs contend, however, that the cause of action is saved by section 23 of the Civil Practice Act.
An action for the same cause pleaded herein was commenced on January 11, 1957. This action was subsequently placed on the calendar. On April 1,1959, the action was struck therefrom pursuant to the consent of the parties. On April 1, 1960, the action was dismissed for failure to prosecute pursuant to rule 302 of the Buies of Civil Practice. On October 20, 1960, a motion by the plaintiffs to restore the action to the calendar was denied without prejudice to renewal upon proper papers. Upon renewal an order restoring the case to the calendar was granted. This order was reversed by an order of the Appellate Division (14 A D 2d 913). An appeal to the Court of Appeals was dismissed on March 29, 1962 (11 N Y 2d 877) upon the ground *116 that the order of the Appellate Division did not finally determine the action. The plaintiffs’ motion for leave to appeal the said order was subsequently denied by the Appellate Division (16 AD 2d 800).
It is clear from the preceding events that the original action was dismissed for failure to prosecute. Section 23 of the Civil Practice Act does not authorize the commencement of a new action after a prior action has been dismissed for lack of prosecution. The Appellate Division held that it was an improvident exercise of discretion for the court below to restore the original action to the calendar. Since the order of restoration was reversed this case is no different than another which has been dismissed for failure to prosecute. The action is accordingly barred by the Statute of Limitations. The motion is granted.